IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BARTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15CV00027 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LORETTA E. LYNCH, ATTORNEY** | ) | By: James P. Jones |
| **GENERAL, UNITED STATES** | ) | United States District Judge |
| **DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| Defendant. | ) | |

*Christopher Bartee, Pro Se Plaintiff; James M. Sullivan, Special Assistant United States Attorney, Charlotte, North Carolina, for Defendant.*

The plaintiff brought this action because he alleges that he was injured during the course of his employment with the Federal Bureau of Prisons. The defendant has moved to dismiss the case because the Federal Employees' Compensation Act provides the exclusive remedy for the plaintiff's claim, thereby precluding this court from exercising subject-matter jurisdiction. I agree that this court does not have subject-matter jurisdiction, and I will grant the defendant's motion.

# I.

The following facts are taken from the plaintiff's Complaint and relevant documents, with every reasonable inference made in favor of the plaintiff.[1]

The plaintiff is employed by the Federal Bureau of Prisons at the United States Penitentiary located in Lee County, Virginia ("USP Lee"). He claims that on multiple occasions, USP Lee correctional officer Noland Crowe threatened him with bodily harm. The plaintiff reported the threats to his supervisors, and a workplace violence committee hearing was held on January 21, 2013, to address the allegations. While Crowe agreed during the hearing that he would not threaten or assault the plaintiff, Crowe allegedly made further threats after the hearing ended. On April 8, 2013, while both men were on duty at USP Lee, Crowe assaulted the plaintiff. The plaintiff claims that this assault caused him serious injury.

On April 15, 2013, the plaintiff applied for benefits pursuant to the Federal Employees Compensation Act ("FECA"). The Secretary of Labor declared him eligible for such benefits via a letter that was sent on July 15, 2013. The plaintiff

---

[1] As explained further below, the defendant's motion includes some documents that were not originally part of the plaintiff's Complaint. However, because the defendant submitted those documents to introduce facts that challenge jurisdiction, I will consider those documents without converting the motion into one for summary judgment. *See Falwell v. City of Lynchburg,* 198 F. Supp. 2d 765, 772 (W.D. Va. 2002).

-2-

Case 2:15-cv-00027-JPJ-PMS   Document 9   Filed 06/02/16   Page 2 of 5   Pageid#: 44

began to receive his FECA benefits on July 19, 2013, and he continues to receive those benefits today.

On April 1, 2015, the plaintiff filed an administrative claim with the Bureau of Prisons. In that claim he requested $1.2 million, pursuant to the Federal Tort Claims Act ("FTCA"), for the injury caused by Crowe. The Bureau of Prisons denied the claim by letter dated May 14, 2015. The plaintiff subsequently filed this action on November 12, 2015, and the defendant filed the subject motion on April 8, 2016. On May 2, 2016, I ordered the plaintiff to respond to the defendant's motion by no later than May 23, 2016. No such response was ever filed, and the matter is ripe for decision.

II.

When a defendant submits a Rule 12(b)(1) challenge to the factual basis for subject-matter jurisdiction, the burden of proving such jurisdiction is on the plaintiff. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). If the material jurisdictional facts are not in dispute and the defendant has effectively challenged jurisdiction, then the case should be dismissed. *See id.* Here, the defendant argues that the plaintiff received FECA compensation for the

-3-

same injury that he now complains of, thus precluding this court from exercising subject-matter jurisdiction.

FECA gives a remedy to federal employees who are injured during the course of their employment. 5 U.S.C. § 8102(a). This remedy is similar to the workers' compensation mechanism that is available to employees in the private sector. The Secretary of Labor has sole discretion to determine whether an injury warrants FECA coverage, and that decision is not subject to judicial review. 5 U.S.C. § 8128(b); *see Aponte v. United States*, 940 F. Supp. 898, 900 (E.D.N.C. 1996).

If an injury qualifies for FECA benefits, then FECA "is exclusive and instead of all other liability of the United States." 5 U.S.C. § 8116(c). In other words, a "[f]ederal employees' injuries that are compensable under FECA cannot be compensated under other federal remedial statutes, including the Federal Tort Claims Act." *Wallace v. United States,* 669 F.2d 947, 951 (4th Cir. 1982). This lost right to sue under the FTCA occurs as a trade-off for the quick and more certain recovery that is available under the FECA. *See Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193-94 (1983) ("In enacting this provision, Congress adopted the principal compromise — the 'quid pro quo' — commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.") "Consequently, the courts have

no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991); *see also Aponte* at 900.

The evidence presented to me shows that the plaintiff applied for and received FECA benefits for the same injury that he now complains of. The defendant has provided the July 15, 2013, letter from the Department of Labor that evidences the plaintiff's FECA award (ECF No. 7-2), and has further provided an declaration from USP Lee's Environmental Safety and Compliance Administrator who helped the plaintiff secure FECA benefits. (ECF No. 7-1.) The affidavit confirms that the plaintiff was deemed eligible for and received FECA compensation. The defendant has not created any dispute on this point. I therefore find that because the plaintiff received a FECA award for his injuries, this court is without jurisdiction to review a suit that is based on those same injuries.

### III.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 6) is GRANTED. A separate final order will be entered forthwith.

ENTER: June 2, 2016

/s/ James P. Jones
United States District Judge